IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: BESTWALL LLC,<br><br>                  Debtor. | Misc. No. 21-141-CFC<br><br>Bankr. Case No. 17-BK-31795 (LTB)<br>(U.S. Bankruptcy Court for the<br>Western District of North Carolina) |
| IN RE: DBMP LLC,<br><br>                  Debtor. | Misc. No. 22-139-CFC<br><br>Bankr. Case No. 20-BK-30080 (JCW)<br>(U.S. Bankruptcy Court for the<br>Western District of North Carolina) |
| IN RE: ALDRICH PUMP LLC, *et al.*,<br><br>                  Debtors. | Misc. No. 22-308-CFC<br><br>Bankr. Case No. 2030608 (JCW)<br>(U.S. Bankruptcy Court for the<br>Western District of North Carolina) |

## **MEMORANDUM ORDER**

1.  **Introduction.** Before the Court are various requests for relief related to subpoenas issued by the U.S. Bankruptcy Court for the Western District of North Carolina (the "Issuing Court") pursuant to Federal Rule of Bankruptcy Procedure 2004[1] in the above-captioned chapter 11 cases. Based on the recent decision issued

---

[1] Bankruptcy Rule 2004 permits issuance of an "order [for] the examination of any entity[,]" if the information sought is relevant "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may

by the U.S. Court of Appeals for the Third Circuit, *In re Bestwall, LLC*, 2022 WL 3642106 (3d Cir. Aug. 24, 2022), the Court will transfer all subpoena-related matters to the Issuing Court.

2. **Applicable standard.** Rule 45(f) permits this Court to transfer subpoena-related motions to the issuing court "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). While the phrase "exceptional circumstances" is not defined by Rule 45(f), Third Circuit courts follow the guidance of the Federal Rules Advisory Committee when considering this issue:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments) (the "Advisory Note"); *see also, e.g., N. Atl. Operating Co., Inc. v. Dunhuang Grp.*, 2018 WL 3381300, at *1–2 (D. Del. July 11, 2018) (citing the Advisory Note and finding

---

affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)-(b).

2

extraordinary circumstances existed "such that transfer is warranted so as to not disrupt the issuing court's management of the Underlying Action").

3. **Analysis.** *In re Bestwall LLC.* As part of its bankruptcy proceedings, debtor Bestwall LLC ("Bestwall") proposed a plan of reorganization, pursuant to which it would fund a $1 billion settlement trust, as authorized by 11 U.S.C. § 524(g), to pay current and future asbestos claims. Negotiations stalled because of a dispute over how Bestwall's liabilities should be estimated. The court-appointed representatives of individuals with current and future asbestos claims argued that liability for future claims should be based on the settlements of past asbestos claims against Bestwall. Bestwall contends that historical settlements are poor indicators of liability because claimants "double-dip," recovering from multiple tort liability defendants for the same injury. Accordingly, Bestwall filed a motion pursuant to Bankruptcy Rule 2004 ("Bestwall 2004 Motion") seeking access to claimant data held by ten other asbestos settlement trusts for the purpose of comparing the list of individuals who filed claims against those trusts with the list of those who have filed claims against Bestwall.

4. The target of the subpoenas was an entity called the Delaware Claims Processing Facility ("DCPF"), a Delaware company that possesses the claimant data of, and administers legal claims against, ten asbestos settlement trusts (the

3

"Trusts").[2] In light of the potential for misuse of the data, the Trusts are obligated, under their founding documents, to keep that claimant information confidential, and, in accordance with long-standing protective orders, the Trusts may disclose it only under certain narrow circumstances.

5. DCPF opposed the Bestwall 2004 Motion as overly broad and intruding on confidential information or, in the alternative, to order that any production of claimant data be limited to "a random sample of up to 10% of the 15,000 claimants[,]" and be anonymized before being produced. The Issuing Court rejected these arguments and issued an order ("Bestwall 2004 Order") requiring post-production anonymization by Bestwall's expert but not adopting the DCPF's requested restrictions of random sampling and pre-production anonymization. The Bestwall 2004 Order further authorized Bestwall to serve the subpoenas on DCPF "with respect to" the Trusts and to serve the Trusts themselves, "if necessary to effectuate this Order". Bestwall served the subpoenas, and the Trusts—but not

---

[2] The ten Trusts are: the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; the Celotex Asbestos Settlement Trust; the DII Industries, LLC Asbestos PI Trust; the Flintkote Asbestos Trust; the Pittsburgh Corning Corporation Personal Injury Settlement Trust; the WRG Asbestos PI Trust; the Federal-Mogul Asbestos Personal Injury Trust; the Babcock & Wilcox Company Asbestos PI Trust; the United States Gypsum Asbestos Personal Injury Settlement Trust; and the Owens Corning / Fibreboard Asbestos Personal Injury Trust. Seven of the ten Trusts eventually formed DCPF to administer and process asbestos claims on their behalf.

4

DCPF—filed a Motion to Quash (D.I. 1), repeating many of the concerns that had been presented to the Issuing Court. Certain asbestos claimants whose data was in the database also joined the Motion to Quash. (D.I. 17, 19, 20, 21).

6. I observed that Bestwall's request for claimant data bore many similarities to the request made in a previous case, in which the U.S. Bankruptcy Court for the District of Delaware had placed conditions on access to asbestos-related claimant data. *In re Owens Corning*, 560 B.R. 229 (Bankr. D. Del. 2016), *aff'd sub. nom. In re Motions Seeking Access*, 585 B.R. 733 (D. Del. 2018), *aff'd sub. nom. In re A C & S Inc.*, 775 Fed. App'x 78 (3d Cir. 2019). I found that "Bestwall ha[d] demonstrated a legitimate purpose in requesting the Claimant data" and that "the protections set in place by the [North Carolina] Bankruptcy Court will go a long way toward protecting Trust Claimants' sensitive data[,]" but I nonetheless held that "additional safeguards" were necessary to match the ones granted in *In re Owens Corning*, including the "appointment of an independent facilitator to oversee production." I granted the motion to quash the subpoenas "without prejudice to [Bestwall's] right to seek reissuance of the subpoenas seeking a narrower document production that is consistent with the protections afforded by [*In re Owens Corning*]." (D.I. 30).

7. Bestwall appealed that order, invoking the doctrine of collateral estoppel, and the Third Circuit agreed, holding that DCPF and the Trusts were

5

collaterally estopped by the Issuing Court's ruling, over DCPF's objections, authorizing issuance of the subpoena. *See In re Bestwall LLC*, 2022 WL 3642106, at \*5-\*7. The Third Circuit reversed and remanded with instructions to this Court to enforce the subpoenas as originally ordered. *Id.* Notably, the Third Circuit advised:

> Where, as here, the movant or its privy has already litigated the relevant issues elsewhere, collateral estoppel is a legitimate consequence. ... The drafters of Rule 45 contemplated exactly that, saying it may not be appropriate for the court asked to enforce a subpoena to resolve a motion to quash if the issuing court "has already ruled on issues presented by the motion[.]" Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. In that instance, transferring the motion to the issuing court, pursuant to Rule 45(f), "may be warranted[.]" *Id.*

*Id.* at \*7 (internal citations omitted). In the Third Circuit's view, this Court should have transferred the motion to quash to the Issuing Court.

8. While its appeal was still pending, and notwithstanding that the Third Circuit had not yet issued a ruling, Bestwall reissued the subpoenas, and subsequent requests for relief were filed, including renewed motions to quash or modify the reissued subpoenas filed by the Trusts (D.I. 52) ("Trusts' Renewed Motion Quash") and certain matching claimants (D.I. 62); motions by certain matching claimants to proceed anonymously (D.I. 63, 65); and the Trusts' motion to stay any further litigation over the reissued subpoenas pending the outcome of the Third Circuit appeal (D.I. 53). While some or all of these motions may be moot in light of the Third Circuit's directive to enforce the original subpoenas, I will transfer this matter

6

to the Issuing Court so that it may resolve any remaining requests for relief with respect to the original subpoenas.

9.     *In re DBMP LLC* and *In re Aldrich Pump LLC.* DBMP LLC ("DBMP"), a chapter 11 debtor in a proceeding in the Western District of North Carolina, similarly seeks to resolve all current and future asbestos-related claims through the creation of a § 524(g) trust. A core issue in DBMP's case is also estimation of its liability for current and future asbestos claims pursuant to 11 U.S.C. § 502(c). DBMP filed a Rule 2004 motion ("DBMP 2004 Motion") seeking authority to issue subpoenas to the Trusts to determine whether claimants who asserted claims against DBMP also filed claims against the Trusts. The Issuing Court received extensive briefing in connection with the DBMP 2004 Motion. DCPF opposed the DBMP 2004 Motion based on its duty to protect claimants' privacy interests, and raising concerns regarding data aggregation, claim sampling, the proposed anonymization procedures. Oppositions were also filed by representatives for current and future claimants, and various law firms representing current claimants. The Issuing Court grated DBMP's 2004 Motion ("DBMP 2004 Order") ruling that the data sought is necessary and relevant to liability estimation. The Issuing Court further ordered that data produced in response to the subpoenas would be subject to rigorous privacy and data security provisions, and those provisions would adequately protect the privacy interests of "matching claimants"—

7

i.e., claimants whose data were implicated by the subpoenas. The subpoenas were served, and the Trusts filed a motion to quash or modify the subpoenas in this Court. (Misc. No. 22-139-CFC, D.I. 1). Certain matching claimants filed similar motions to quash or modify the subpoenas. (*Id.*, D.I. 6, 7, 11). Additionally, certain matching claimants filed motions to proceed anonymously (*id.*, D.I. 12, 13, 23), and the Trusts filed a motion to stay further proceedings pending the Third Circuit's decision on the issues presented in the then-pending Bestwall appeal (*id.*, D.I. 34). In response, DBMP filed a motion to transfer the subpoena-related motions to the Issuing Court pursuant to Federal Rule of Civil Procedure 45(f) (*id.*, D.I. 16) (the "DBMP Motion to Transfer"). The Trusts and certain matching claimants have opposed the DBMP Motion to Transfer. (*Id.*, D.I. 26, 27, 28).

10. Similarly, Aldrich Pump LLC and Murray Boiler LLC (together, the "Aldrich Debtors") are debtors in chapter 11 proceedings in the Western District of North Carolina. The Aldrich Debtors are also seeking to resolve all current and future asbestos-related claims through the creation of a § 524(g) trust, so estimation of liabilities for current and future asbestos claims is a core issue in the Aldrich Debtors' chapter 11 cases as well. The Aldrich Debtors filed a 2004 Motion seeking information from: (i) DCPF; (ii) the Manville Personal Injury Settlement Trust; (iii) Verus Claims Services, LLC, which processes claims for eight other trusts; and (iv) Paddock Enterprises, LLC ("Paddock"), another chapter 11 debtor seeking to

8

resolve current and future claims relating to asbestos exposure. Aldrich also sought authority to issue subpoenas directly to the Trusts. In total, Aldrich sought data from 20 different sources. "As non-parties, neither the Trusts nor DCPF appeared in the Bankruptcy Court." (Misc. No. 22-mc-308-CFC, D.I. 31 at 9).

11. Pursuant to a similar 2004 Order ("Aldrich 2004 Order"), which overruled concerns as to confidentiality obligations, claimant privacy, and data aggregation, the Aldrich Debtors served subpoenas on DCPF and the Trusts. DCPF and the Trusts, along with certain matching claimants, have each moved to quash those subpoenas (Misc. No. 22-mc-308-CFC, D.I. 1, 3, 13, 15), and certain matching claimants have moved to proceed anonymously (*id.*, D.I. 14). In addition, motion practice concerning other subpoenas authorized by the Aldrich 2004 Order is ongoing in the United States District Courts for the Eastern District of Michigan,[3] the District of New Jersey,[4] and the District for the District of Columbia,[5] along with the United States Bankruptcy Court for the District of Delaware.[6]

12. In response, the Aldrich Debtors filed a motion to transfer all subpoena-related motions to the Issuing Court (*id.*, D.I. 17, 18) (the "Aldrich

---

[3] *Aldrich Pump LLC v. Paddock Enterprises, LLC*, No. 22-mc-51346-GAD-JJCG (E.D. Mich. Aug. 19, 2022) (D.I. 1).
[4] *In re Aldrich Pump LLC,* No. 3:22-cv-05116 (D.N.J. Aug. 19, 2022) (D.I. 1, 5).
[5] *In re Aldrich Pump LLC*, Misc. No. 1:22-mc-00080 (D.D.C. Aug. 23, 2022)
[6] *In re Paddock Enterprises, LLC*, No. 20-10028 (LSS) (Bankr. D. Del. July 27, 2022) (D.I. 1518).

Motion to Transfer"). Various parties have opposed the Aldrich Motion to Transfer, including the Trusts (*id.*, D.I. 31), certain matching claimants (*id.*, D.I. 32, 35), and DCPF (D.I. 34).

13. As the Third Circuit noted, "the drafters of Rule 45 contemplated exactly" the situation presented by the motions to quash the subpoenas issued pursuant to both the Aldrich 2004 Order and the DBMP 2004 Order, "saying it may not be appropriate of the court asked to enforce a subpoena to resolve a motion to quash if the issuing court 'has already ruled on issues presented by the motion.'" *In re Bestwall LLC*, 2022 WL 3642106 at *7 (quoting Advisory Note). "The specific situation contemplated by the committee is the situation here: the issuing court 'has already ruled on issues presented by' the motion to quash." *Green v. Cosby*, 216 F. Supp. 3d 560, 565 (E.D. Pa. 2016) (citing Advisory Note).

14. The DBMP subpoenas were issued in accordance with the DBMP 2004 Order and only following opposition and full litigation of the nearly identical issues raised in the motions to quash—the confidentiality, anonymity, sampling, and randomization issues raised by multiple parties before the Issuing Court and overruled in the DBMP 2004 Order. Indeed, the Trusts have withdrawn their motion to quash in the DBMP case. Misc. No. 22-139-CFC, D.I. 50.

15. The oppositions to the Aldrich Motion to Transfer argue that the subpoenas issued under the Aldrich 2004 Order do not include the protections

ordered by this Court in Bestwall, and that although the Third Circuit reversed this Court's decision in Bestwall, it did so on procedural grounds not present here—collateral estoppel based on DCPF's appearance and objection in the Issuing Court. But the Aldrich motions to quash raise nearly identical issues as those overruled in the DBMP 2004 Order. The Issuing Court has already ruled on these issues, and, accordingly, transfer is warranted. *Green v. Cosby*, 216 F. Supp. 3d at 565 (transferring motion to quash to the issuing court).

16. Moreover, the Issuing Court overruled objections to the similar, albeit far more expansive, subpoenas in Bestwall—subpoenas which the Third Circuit ruled are to be enforced on their terms. As a result of the Third Circuit's ruling, the Trusts and DCPF have now been ordered to produce similar, albeit more expansive information in response to the Bestwall subpoenas. As issuance of these subpoenas or substantially similar subpoenas has been approved in three different cases, on the basis that the information sought was relevant and necessary to the proceedings in their courts, further litigation of the subpoenas in this Court serves no purpose.

17. Additionally, "Courts have routinely found exceptional circumstances that warrant transfer when there is a risk that the courts will enter orders inconsistent with those entered by the judge presiding over the case." *United States ex rel. Simpson v. Bayer Corp.*, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016) (collecting cases). Risk of inconsistent rulings comes in two forms: (1) when the

11

issuing court "has already ruled on the issues," and (2) when "the same issues are likely to arise in discovery in many districts." Advisory Note. Both situations contemplated in the Advisory Note are present here. The Issuing Court considered the same arguments when it previously overruled objections to issuance of the subpoenas. In addition, the other recipients of subpoenas that were authorized by the 2004 Order, not before this Court, have all recently filed motions in districts around the country. If these subpoena-related motions are not consolidated before a single court, there is a genuine potential for inconsistent rulings concerning essentially the same discovery, not only between this Court and the Issuing Court, but also between this Court and other district courts. The sensible solution is for this Court to transfer all subpoena-related motions to the Issuing Court for resolution.

18. **Conclusion.** For the reasons set forth herein, **IT IS HEREBY ORDERED** that:

(i) All remaining subpoena-related motions in Misc. No. 21-141-CFC, are **TRANSFERRED** to the Issuing Court;

(ii) The Aldrich Motion to Transfer (Misc. No. 22-139-CFC, D.I. 16) is **GRANTED**; and

(iii) The DBMP Motion to Transfer (Misc. No. 22-308-CFC, D.I. 17) is

**GRANTED**.

<u>9.24.22</u>  <u>[signature]</u>
DATE           CHIEF JUDGE